

# The Rosen Law Firm
INVESTOR COUNSEL

April 7, 2011

**VIA FEDERAL EXPRESS**

The Honorable Carol Bagley Amon
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Goldberg v. Gerova Financial Group, Ltd.*, 11-CV-1385 (Class Action)

Dear Judge Amon:

We represent Plaintiffs in the above-captioned securities fraud class action. We intend to move for a Preliminary Injunction:

1. Enjoining all defendants from violating the federal securities laws;

2. Enjoining all defendants from destroying evidence;

3. Ordering defendants to produce financial statements, retain an accountant to audit those financial statements, and release Plaintiffs' shares as provided by the Consent Solicitation Plaintiffs signed on December 23, 2009;

4. Appointing a receiver with the power to inspect books and move this Court to enjoin transactions that violate the federal securities laws or the laws of fraudulent conveyances;

5. Ordering Defendants Jack Doueck, Richard Rudy, Stillwater Capital Partners, LLC, Stillwater Capital Partners, Inc., Michael Hlavsa, Gary Hirst, and Joseph Bianco to produce an accounting;

6. Indemnifying the receiver; and

7. Freezing defendants' assets.

This relief is necessary to protect Plaintiffs' substantial investments in Gerova Financial Group, Ltd.

1

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

## Background

Plaintiffs invested in various funds managed by Stillwater Capital Partners, LLC, and Stillwater Capital Partners, Inc. Pursuant to a proxy issued December 23, 2009, these Stillwater Funds were acquired by Gerova Financial Group, Ltd. Gerova issued preferred shares to Plaintiffs as consideration for the exchange. These shares were to have been exchangeable for ordinary publically tradable shares beginning on July 31, 2010. Plaintiffs, however, have yet to receive a single share. As a result, their investments have been effectively frozen, causing them great hardship. For instance, a proposed class member has been unable to retire because her assets were frozen. Fearing fraud, the New York Stock Exchange halted trading in Gerova's shares on February 24, 2011. Gerova has not offered a public explanation for the halt. On this basis, Plaintiffs bring this action alleging violation of the federal securities laws, breach of fiduciary duties, and breach of contract.

Injunctive relief is necessary to prevent defendants from siphoning off all of Gerova's assets, thereby frustrating Plaintiffs' attempts to collect the recovery that they will be owed. Defendants Hirst and Hlavsa have previously engaged in self-dealing transactions involving Gerova which they concealed through shell corporations. In preparing financial statements for audit, Defendants Doueck and Rudy, in violation of Generally Accepted Accounting Principles, overstated the value of the Stillwater Funds' assets by 40%. Because the audit firm would not issue an unqualified opinion on financial statements that so blatantly violated GAAP, Plaintiffs, many of whom are elderly and for whom their Stillwater investments represent a substantial proportion of their assets, could not receive their Gerova shares. In contrast, Stillwater continued to receive higher commissions for assets under management whose value was overstated.

Defendant Hlavsa is currently Gerova's Principal Executive Officer. While attempting to serve Defendant Hlavsa at Fund.com, another public company associated with most defendants

in this action, Plaintiffs discovered that Fund.com no longer existed at its official address and had left no forwarding address, despite its continued public listing. Plaintiffs seek to prevent this result in Gerova's case.

**Preliminary injunction**

Plaintiffs meet all the elements required for this Court to grant a Preliminary Injunction. Plaintiffs will suffer irreparable harm if Defendants are able to abscond with Gerova's assets. *Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77, 86 (2d Cir. 1996) ("[A] preliminary injunction may issue to preserve assets as security for a potential monetary judgment where the evidence shows that a party intends to frustrate any judgment on the merits by making it uncollectible") (internal citations omitted). Plaintiffs will likely succeed on the merits on all their claims.

In the alternative, because many Plaintiffs are elderly, because their Gerova investments represent a substantial proportion of their assets, and because Plaintiffs request narrowly tailored relief aimed at preventing Defendants from absconding with assets (and not at preventing them from running their alleged business), the balance of hardship tips decidedly in Plaintiffs' favor. Because Plaintiffs will likely succeed on the merits, *a fortiori* Plaintiffs raise serious question that make the merits a fair ground for litigation. *Citigroup Global Markets v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35-36 (2d Cir. 2010).

Very truly yours,
The Rosen Law Firm, P.A.

By _____
Jonathan Horne
Laurence M. Rosen
Philip C. Kim
Counsel for Plaintiffs

Cc:  Gerova Financial Group, Ltd (via personal service)
     All other defendants via ECF

3

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827