**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Jonathan Horne (JH 7258)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: jhorne@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| MARGIE GOLDBERG, AND MAURICE HANAN AND RENEE SALEM HANAN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 11-CV-1385 (CBA) |
| | CLASS ACTION |
| Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF THE STILLWATER INVESTORS' MOTION TO APPOINT LEAD PLAINTIFFS AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL** |
| v. | |
| GEROVA FINANCIAL GROUP, LTD.; STILLWATER CAPITAL PARTNERS, LLC; STILLWATER CAPITAL PARTNERS, INC.; NET FIVE HOLDINGS, LLC; GARY T. HIRST, MICHAEL HLAVSA; JACK DOUECK; CHRISTOPHER HOLMES; ANDREW TSE; LOU HENSLEY; ARIE JAN VAN ROON; STUART L. R. SOLOMONS; TORE NAG; KEITH LASLOP; RICHARD RUDY; AND ROBERT WILLISON, | |
| Defendants. | |

---------------------------------------------------------------X

1

Albert Chehebar, Isaac Shehebar (his brother), Maurice Hanan (who has a pre-existing relationship to the Shehebars), and Prudent Partners, LP, (collectively, the "Stillwater Investors") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

(1) appointing the Stillwater Investors as Lead Plaintiffs for the class of all investors in Stillwater Funds who received restricted shares of Gerova Financial Group, Ltd., as consideration for a share exchange dated January 20, 2010;

(2) approving the Stillwater Investors' selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

Stillwater Capital Partners, LLC, and Stillwater Capital Partners, Inc., were the general partners of a former partnership that included various onshore and offshore funds. Jack Doueck and Richard Rudy are its principals. Doueck, Rudy, Stillwater Partners, LLC, and Stillwater Partners, Inc., are collectively referred to herein as the "Stillwater Defendants". The Stillwater Investors invested in these partnerships managed by the Stillwater Defendants.

On December 23, 2009, the Stillwater Defendants solicited the consent of their investors for a business combination with defendant Gerova. The onshore funds merged into Gerova, while the offshore funds had their assets purchased by Gerova. In exchange, investors in Stillwater were to receive shares of Gerova. To this date, they still have not.

On March 22, 2011, Movant Maurice Hanan, and named plaintiffs Renée Salem Hanan and Margie Goldberg, filed this action against Gerova, styled *Margie Goldberg et al v. Gerova*

2

*Financial Group, Ltd., et al*, Case no. 11-CV 1385 (CBA).  On March 25, The Rosen Law Firm, P.A., issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as lead plaintiff in the action.  *See* Declaration of Jonathan Horne, filed herewith ("Horne Decl."), Ex. 1.

The action alleges that the December 23, 2009, Consent Solicitation violated both the securities laws and defendants' fiduciary duties: (1) it omitted material related-party transactions in the merger; (2) it included related party transactions that were not entirely fair to plaintiffs in that they unfairly benefitted defendants; (3) it did not disclose conflicts of interest; and (4) since the Stillwater Defendants performed no due diligence before the merger, they breached their duty of care.  The action further alleges that (5) defendants breached their contract by not providing plaintiffs with shares of Gerova, as promised; and (6) defendants performed a fraudulent conveyance by transferring Gerova's real estate assets to a related party.

On April 21, 2011, one month after the instant action was filed, a related action styled *Julie Russo, on behalf of herself and all others similarly situated v. Gerova Financial Group, Ltd., Stillwater Capital Partners, Inc., Stillwater Capital Partners LLC, Jack Doueck, Richard Rudy, Gary T. Hirst, Michael Hlavsa, Keith Laslop, Joseph Bianco, Jason Galanis, and Net Five Holdings, LLC*, Case no. 11-CV-2737 (SAS), was filed in the United States District Court for the Southern District of New York.  In the *Russo* action, plaintiff seeks to represent a class identical to the one in this action, for misconduct arising out of identical transactions, against nearly identical defendants and alleging nearly identical facts. The sole difference is that the *Russo* action does not assert a claim under the federal securities laws.  Therefore, to further judicial economy and prevent inconsistent judgments, plaintiffs in this action have sought to intervene in

the *Russo* action and to have it transferred to this Court to allow consolidation. Through their attorneys, plaintiffs will participate in a pre-motion conference on May 27 prior to their motion.

## ARGUMENT

### I. THE STILLWATER INVESTORS SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Securities and Exchange Act of 1933 (the "Exchange Act"). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Stillwater Investors satisfy all of these criteria and thus entitled to the presumption that they are the most adequate plaintiff of the class, and that the group, as a result, should be appointed Lead Plaintiff.

4

**A.     The Stillwater Investors are Willing to Serve as Class Representative**

The Stillwater Investors have filed the instant motion and each has submitted certifications attesting to their willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial.  *See* Horne Decl., Ex. 2.  Accordingly, the Stillwater Investors satisfy the first requirement to serve as Lead Plaintiff for the Class.

**B.     The Stillwater Investors Have the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor.  *In re Fuwei Films Secs. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) *citing Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

The Stillwater Investors invested a total of $18,873,502 in funds managed by the Stillwater Defendants, and which investments were to be exchanged for Gerova shares.[2] *See*

---

[1]  *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).
[2]  Because the Stillwater Investors have not received any Gerova shares, they assume a complete loss on their investment.

Horne Decl., Ex. 4.[3]  Albert Chehebar has invested approximately $9.77 million, Isaac Shehebar $5.8 million, Maurice Hanan $1.1 million, and Prudent Partners, L.P. $3.0 million. Horne Decl., Ex. 4.  The Stillwater Investors are not aware of any other movant that has a greater financial interest in this litigation.  Accordingly, the Stillwater Investors satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

      **C.**     **The Stillwater Investors Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient.  *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

---

[3]  Albert Chehebar initially made total investments of approximately $9.8 million in Stillwater.  Then, as wedding gifts, he granted three of his children a small portion of his investment – $1.9 million of his $9.8 million initial investment.  To allow Albert Chehebar to pursue their claims as lead plaintiff, Josef, Gabriel and Michael Chehebar have assigned their claims to their father, Albert Chehebar. *See*, Chehebar Decl., Ex. 3.

The Stillwater Investors fulfill the requirements of Rule 23.  The Stillwater Investors each share substantially similar questions of law and fact with the members of the class, and their claims are typical of those of the members of the class.  The Stillwater Investors and all members of the class allege that defendants violated the Exchange Act, breached their fiduciary duties, breached contractual obligations, and fraudulently conveyed assets. The Stillwater Investors, as did all of the members of the class, exchanged their investments in Stillwater for promised shares in Gerova and were damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between the Stillwater Investors and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiffs.

**D.     The Stillwater Investors Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses**

The presumption in favor of appointing the Stillwater Investors as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a)   will not fairly and adequately protect the interest of the class; or
>
> (b)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The Stillwater Investors' ability and desire to fairly and adequately represent the class have been discussed above, in Section C.  The Stillwater Investors are not aware of any unique defenses that defendants could raise against it that would render the group inadequate to

represent the class. Accordingly, the Court should appoint the Stillwater Investors as Lead Plaintiff for the class.

## II.   STILLWATER INVESTORS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Stillwater Investors have selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants.

To protect the class's interest in Stillwater's assets, movants Maurice Hanan and and named plaintiffs Margie Goldberg and Renée Salem Hanan, through their counsel The Rosen Law Firm, have filed a motion for a preliminary injunction in this Court, have conferred with opposing counsel, and have agreed to a briefing schedule. The motion is pending. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Horne Decl., Ex. 5.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, the group's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) appointing the Stillwater Investors as Lead Plaintiffs of the class; (2) approving the Stillwater Investors' selection of The Rosen Law Firm as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: May 24, 2011

                Respectfully submitted,

                **THE ROSEN LAW FIRM, P.A.**

                /s/ Jonathan Horne
                Phillip Kim, Esq. (PK 9384)
                Laurence M. Rosen, Esq. (LR 5733)
                Jonathan Horne, Esq. (JH 7258)
                275 Madison Avenue, 34th Floor
                New York, New York 10016
                Telephone: (212) 686-1060
                Fax: (212) 202-3827
                Email: pkim@rosenlegal.com
                Email: lrosen@rosenlegal.com
                Email:  Jhorne@rosenlegal.com

                [Proposed] Lead Counsel for Plaintiffs and Class

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this, the 24th day of May, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

      /s/ Jonathan Horne