UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGIE GOLDBERG, MAURICE HANAN, RENE SALAM HANAN, Individually and on Behalf of all Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>     v.<br><br>GEROVA FINANCIAL GROUP, LTD.; STILLWATER CAPITAL PARTNERS, LLC; STILLWATER CAPITAL PARTNERS, INC.; NET FIVE HOLDINGS, LLC; GARY T. HIRST; MICHALE HLAVSA; JACK DOUECK; CHRISTOPHER HOLMES; ANDREW TSE; LOU HENSLEY; ARIE JAN VAN ROON; STUARL L.R. SOLMOMONS; TORE NAG; KEITH LASLOP; RICHARD RUDY; and ROBERT WILLISON,<br><br>                      Defendants. | Case No. 11cv1385<br><br>(Amon, J.)<br><br>**THE *HAFIF* PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF LEAD PLANTIFF AND FOR APPROVAL OF THEIR SELECTION OF LEAD COUNSEL IN THE EVENT OF CONSOLIDATION** |

Plaintiffs Jack Hafif, Albert Ades, Morris Missry, Valerie Mizrahi, Linda Zonana, and Janet Dayan (the "*Hafif* Plaintiffs") submit this Memorandum of Law in Support of Motion for Appointment of Lead Plaintiff and for Approval of Their Selection of Lead Counsel in the Event of Consolidation.

## INTRODUCTION

On March 22, 2011, Margie Goldberg, Maurice Hanan, and Renee Salam Hanan filed a class action complaint in this above-captioned action (the "*Goldberg* Action") in the United States District Court for the Eastern District of New York, alleging claims of violations of Section 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"); breach of the fiduciary duties of care, loyalty, and candor; aiding and abetting breach of fiduciary

duties; unjust enrichment/restitution; breach of contract; violation of Fl. Stat. §726.101; and for an accounting.  On March 25, 2011, the Rosen Law Firm published a notice (the "Notice"), via MARKETWIRE, informing investors of the *Goldberg* Action and informing them of their right to move to be appointed as lead plaintiff by May 24, 2011, the 60-day deadline set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The Notice is attached to the Declaration of Gregory A. Frank in Support of the *Hafif* Plaintiffs' Motion for Appointment of Lead Plaintiff and for Approval of Their selection of Lead Counsel in the Event of Consolidation ("Frank Declaration"), as Exhibit A.

On May 24, 2011, the *Hafif* Plaintiffs filed a class action complaint in the United States District Court for the Southern District of New York, (the "*Hafif* Action") attached as Exhibit B to the Frank Declaration, alleging state law claims for breach of fiduciary duties; aiding and abetting Breach of Fiduciary Duties; Unjust Enrichment; Breach of Contract; Fraudulent Conveyance; as well as claims for an accounting, against many of the same defendants.  In short, the *Hafif* Action and the *Goldberg* Action share most of the same claims against most of the same defendants.

The *Hafif* Action alleges no claims under the federal securities laws so that the *Hafif* Action need not meet the requirements of the PSLRA including the lead plaintiff provisions. Nevertheless, since both the *Hafif* and *Goldberg* Actions share most state law claims against most defendants, there exists the possibility that both actions will be moved to the same court and consolidated for pre-trial purposes.  In the event that the *Goldberg* and *Hafif* Actions (as well as any other related actions) are eventually consolidated for any reason, the *Hafif* plaintiffs hereby move for appointment as Lead Plaintiffs on behalf of the class in the instant action, and for appointment of Murray, Frank & Sailer LLP as Lead Counsel.

The *Hafif* Plaintiffs have suffered losses of approximately $2.5 million due to their investment in the Stillwater Funds (the "Funds"),[1] which have not been returned despite requests for redemption, and therefore the *Hafif* Plaintiffs have a significant and presumably the largest financial interest in the instant action. Furthermore, the *Hafif* Plaintiffs and their counsel also satisfy the requirements of the PSLRA, as explained below.

## STATEMENT OF FACTS

Plaintiffs' claims arise from Defendants' execution of transactions that Defendants Stillwater and Gerova consummated on January 20, 2010 (the "Stillwater Transactions") and Defendants' subsequent failure to register the shares received by the Class members. As a result of Defendants' wrongful conduct, instead of receiving shares worth $23.26 (as they were valued on January 19, 2010, the day before the Stillwater Transactions closed), the shares were valued at $5.25 as of February 24, 2011, when the NYSE halted trading in Gerova stock. Despite the fact that Plaintiffs sought redemption, they have not been able to recoup their investments which are now being held in restricted, unregistered accounts.

---

[1] The "Funds" include: (1) Stillwater Asset Backed Fund, LP, a Delaware limited partnership; (2) Stillwater Asset Backed Fund II, LP, a Delaware limited partnership; (3) Stillwater WPB Venture Partners I LP, a Delaware limited partnership; (4) Stillwater WPB Venture Partners II LP, a Delaware limited partnership; (5) Stillwater Market Neutral Fund, LP, a Delaware limited partnership; (6) Stillwater Market Neutral Fund II, LP, a Delaware limited partnership; (7) Stillwater Matrix Fund LP, a Delaware limited partnership; (8) Stillwater Real Estate Partners Fund, LP, a Delaware limited partnership (together, these are the "Delaware Funds"); (9) Stillwater Asset Backed Offshore Fund, Ltd., a Cayman Islands exempted company; (10) Stillwater Asset Backed Fund SPV, a Cayman Islands exempted company; (11) SABF II Onshore SPV, a Cayman Islands exempted company; (12) Stillwater Market Neutral Fund Ltd., a Cayman Islands exempted company; (13) Stillwater Loan Opportunities Fund, LLC, a Delaware limited liability company, and its sub fund, the Stillwater Loan Opportunities Fund (Series A); (14) Stillwater Loan Opportunities Fund, SPC, a Cayman Islands exempted company registered as a segregated portfolio company, and its sub fund, the Stillwater Loan Opportunities Fund Segregated Portfolio (Series A); and (15) Stillwater Market Neutral Fund III SPC, a Cayman Islands exempted company registered as a segregated portfolio company, and its sub fund, the Stillwater Matrix Segregated Portfolio.

## ARGUMENT

## POINT I

### THE *HAFIF* PLAINTIFFS MEET THE PSRLA'S REQUIREMENTS FOR APPOINTMENT AS LEAD PLAINTIFF

The *Hafif* Plaintiffs meet the requirements for appointment as lead plaintiffs of the Class because they have complied with all of the PSLRA's requirements for appointment as lead plaintiff, have demonstrated the largest financial interest of any class members who timely filed an application as lead plaintiff in this litigation, and otherwise meet the relevant requirements of Fed. R. Civ. P. 23 within the meaning of the Exchange Act.

### A.  The PSLRA's Procedural Requirements

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Securities Act and/or Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiffs in the *Goldberg* Action caused such notice to be published on March 25, 2011. *See* Frank Declaration, Exhibit B. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing

4

the interests of class members. 15 U.S.C. 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> > (aa)   has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii) and 78u-4(a)(3)(B)(iii); *see generally Bassin v. deCODE Genetics*, 230 F.R.D. 313 (S.D.N.Y. 2005) (Holwell, J.); *Pirelli Armstrong Tire Group Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 403-04 (S.D.N.Y. 2004) (Sweet, J.).

### B. The *Hafif* Plaintiffs Have Moved To Be Appointed Lead Plaintiff In The Event Of Consolidation

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A) and (B) expires on May 24, 2011. Despite the fact that the *Hafif* Plaintiffs oppose consolidation in that their claims are founded on state law only, in the event of Consolidation, the *Hafif* Plaintiffs hereby timely move this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Accordingly, the *Hafif* Plaintiffs have satisfied the individual requirements of 15 U.S.C. §§ 78u-4(a)(3)(B) and are entitled to have their application for appointment as lead plaintiffs and selection of counsel, as set forth herein, considered and approved by the Court.

### C. The *Hafif* Plaintiffs Have The Largest Financial Interest In This Litigation

According to 15 U.S.C. §§ 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

The *Hafif* Plaintiffs suffered losses of approximately $2.5 million as a result of Defendants' misconduct. *See* Frank Declaration ¶ 2. Accordingly, the *Hafif* Plaintiffs have a significant financial interest in this case.

The *Hafif* Plaintiffs have not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's securities. Therefore, the *Hafif* Plaintiffs satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff of the Class in this action and, in the event of Consolidation, should be appointed pursuant to 15 U.S.C. §§ 78u-4(a)(3)(B).

### D. The *Hafif* Plaintiffs Otherwise Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

According to 15 U.S.C. §§ 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in

deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412.

The *Hafif* Plaintiffs satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs of the Class. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986*); Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412. However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, Courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

*Bishop v. New York City Dep't of Hous. Pres. and Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992); *Avagliano v. Sumitomo Shoji America, Inc.*, 103 F.R.D. 562, 582 (S.D.N.Y. 1984).

The *Hafif* Plaintiffs seek to represent a class of investors in the Funds who have identical, non-competing, and non-conflicting interests. The *Hafif* Plaintiffs satisfy the typicality requirement because they: (i) invested in the Funds; and (ii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the *Hafif* Plaintiffs "arise[] from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Walsh v. Northup Grumman Corp.*, 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Babcock v. Computer Assocs. Int'l.*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted).

Here, the *Hafif* Plaintiffs are adequate representatives of the Class. As evidenced by the injury suffered by the *Hafif* Plaintiffs, who invested in the Funds and suffered damages thereby, the interests of the *Hafif* Plaintiffs are clearly aligned with the members of the Class, and there is no evidence of any antagonism between the *Hafif* Plaintiffs' interests and those of the other members of the Class. In addition, as shown below, the *Hafif* Plaintiffs' proposed Lead Counsel, Murray, Frank & Sailer LLP, is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, the *Hafif* Plaintiffs' *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23.

## POINT II

### IN THE EVENT OF CONSOLIDATION THE *HAFIF* PLAINTIFFS CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. §§ 78u-4(a)(3)(B)(v), proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. In that regard, The *Hafif* Plaintiffs have selected and retained Murray, Frank & Sailer LLP to serve as Lead Counsel for the Class. Murray, Frank & Sailer LLP has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts. *See* Frank Declaration, Exhibit C.

## CONCLUSION

In the event of Consolidation, the *Hafif* plaintiffs seek appointment as Lead Plaintiff and approval of their selection of Murray, Frank & Sailer LLP as Lead Counsel.

Dated: New York, New York
May 24, 2011

**MURRAY, FRANK & SAILER LLP**


By:__/s/ Marvin L. Frank_____
    Marvin L. Frank (MF-1436)
    Lee A. Albert (*Pro Hac* to be filed)
    Gregory B. Linkh (GL-0477)
    Gregory A. Frank (GF-0207)
    275 Madison Avenue, Suite 801
    New York, NY 10016
    Tel: (212) 682-1818
    Fax: (212) 682-1892

    **Attorneys for the *Hafif* Plaintiffs**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2011, a true and correct copy of the foregoing documents was served by CM/ECF to the parties listed below, via the Court's CM/ECF system:

Jonathan Richard Horne
Laurence Matthew Rosen
Phillip Kim
**The Rosen Law Firm, P.A.**
275 Madison Avenue 34th Floor
New York, NY 10016
212-686-1060
Fax: 212-202-3827
jhorne@rosenlegal.com

Alex M Weingarten
Eric Bennett Carlson
Jeffrey K Logan
**Spillane Weingarten LLP**
1100 Glendon Avenue
Suite 1200
Los Angeles, CA 90024
310-229-9300
Fax: 310-229-9380
aweingarten@spillaneweingarten.com

Arthur G. Jakoby
**Herrick, Feinstein, L.L.P.**
2 Park Avenue
New York, NY 10016
(212)592-1438
Fax: (212)545-3340
ajakoby@herrick.com